1  COASTAL PACIFIC LEGAL GROUP
   MARK A. GOLOVACH (Cal. Bar No. 220760)
2  501 W. Broadway, Suite 800
   San Diego, California 92101
3  Telephone: 619/400-4895
4  Facsimile: 619/684-3601

5  *Attorneys for Plaintiff*
   *STEVE KLEMETSON*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE KLEMETSON, Individually and on Behalf of All Others Similarly Situated, | Civil Action No.: **'12CV2636 MMA WVG** |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| TEMECULA STAGE STOP, TEMECULA WINE AND BEER GARDEN, ED DOOL, NATIONAL LINK INCORPORATED, METABANK, META PAYMENT SYSTEMS, and DOES 1-10, inclusive, | |
| Defendants. | |

CLASS ACTION COMPLAINT

Plaintiff STEVE KLEMETSON, individually, and on behalf of all others similarly situated ("Plaintiff"), alleges upon knowledge with respect to himself and upon information and belief based, in part, on the investigation of counsel, as follows:

### I.     PRELIMINARY STATEMENT

1.     Plaintiff brings this action, individually and on behalf of all others similarly situated, against Defendants (as defined in ¶17, *infra*) alleging violations of 15 U.S.C. § 1693 *et seq.*, commonly known as the Electronic Fund Transfer Act (the "Act"), and 12 C.F.R. § 205 *et seq.*, commonly known as Regulation E ("Regulation E"), which contains regulations promulgated by the Board of Governors of the Federal Reserve System to implement the Act (the Act and Regulation E shall hereinafter be collectively referred to as the "EFTA"). Plaintiff also asserts claims against Defendants for violations of the California Unfair Business Practices Act, Business and Professions Code §§ 17200, *et seq.* (the "UCL").

2.     The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer these services. The primary objective of the EFTA and Regulation E is the protection of consumers engaging in electronic fund transfers. 12 C.F.R. § 205.1(b). The EFTA requires specific disclosures be given by operators of any automated teller machine ("ATM") to users of an ATM, prior to the imposition of a fee for using an ATM. 15 U.S.C. § 1693b.

3.     The Congressional findings and declaration of purpose regarding the EFTA provides:

(a)     Rights and liabilities undefined

The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers. However, due to unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial institutions and intermediaries in electronic fund transfers undefined.

(b)     Purposes

It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights

- 1 -
CLASS ACTION COMPLAINT

4. The EFTA specifically requires that an ATM ***must*** have a posted notice attached on or at the machine informing consumers of the imposition of an ATM surcharge. 15 U.S.C. § 1693b(d)(3).

5. This case is brought under the EFTA based upon the fact that Defendants have imposed ATM fees on Plaintiff and other consumers without providing any posted notice as required by the EFTA.

6. Plaintiff, on behalf of himself and all others similarly situated, brings this class action against Defendants based on Defendants' violation of the EFTA. Plaintiff seeks, on behalf of himself and the proposed class, statutory damages, costs and attorney's fees, all of which are expressly made available by statute. 15 U.S.C. § 1693m. Plaintiff does not seek actual damages.

## II. JURISDICTION

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. 1693m(g) because this action arises under the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.*

8. Venue in this judicial district is proper under 28 U.S.C. § 1391 in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## III. PARTIES

9. Plaintiff is a natural person who resides in Riverside County, California and used a certain ATM owned and operated by Defendants (as defined in ¶17, *infra*), which ATM is located at or about 28464 Old Town Front Street, Temecula, California 92590 (the "Stage Stop ATM"), within one year of the filing of this Complaint, and was charged an ATM surcharge fee by Defendants at the Stage Stop ATM described in this Complaint.

10. Defendant TEMECULA STAGE STOP ("Stage Stop") is an entity of unknown origin doing business in California, with its principal place of business located at 28464 Old Town Front Street, Temecula, California 92590. Stage Stop owns and/or operates the Stage Stop ATM.

11. Defendant TEMECULA WINE AND BEER GARDEN ("Wine and Beer Garden") is an entity of unknown origin doing business in California, with its principal place of business located

CLASS ACTION COMPLAINT

1  at 28464 Old Town Front Street, Temecula, California 92590.  Wine and Beer Garden owns and/or operates the Stage Stop ATM.

12.  Defendant ED DOOL ("Dool") is a California resident, and an individual doing business in California, with his address located at or about 28464 Old Town Front Street, Temecula, California 92590.  Dool owns and/or operates the Stage Stop ATM.

13.   Defendant NATIONAL LINK INCORPORATED ("NationalLink") is a California corporation authorized and doing business in California, with its principal place of business located at 2235 Auto Centre Dr., Glendora, California 91740.  NationalLink owns and/or operates the Stage Stop ATM.

14.  Defendant METABANK ("MetaBank") is a federally chartered savings bank doing business in California, with its principal place of business located at 121 East Fifth Street, Storm Lake, Iowa 50588.  MetaBank owns and/or operates the Stage Stop ATM.

15.  Defendant META PAYMENT SYSTEMS ("Meta Systems") is a company that offers banking products and services, and doing business in California, with its principal place of business located at 5501 S. Broadband Lane, Sioux Falls, South Dakota 57108.  Meta Systems is a division of defendant MetaBank.  Meta Systems owns and/or operates the Stage Stop ATM.

16.  The true names and capacities of defendants sued herein as Does 1 through 10, inclusive, are presently not known to Plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff will seek to amend this Complaint pursuant to Federal Rule of Civil Procedure 15 and include the Doe defendants' true names and capacities when they are ascertained.  Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiff and the proposed class as a result of defendants' wanton and illegal conduct.

17.  Stage Stop, Wine and Beer Garden, Dool, NationalLink, MetaBank, Meta Systems, and Does 1 through 10, inclusive, are collectively hereinafter referred to as "Defendants."

/ / /

/ / /

/ / /

## IV. BACKGROUND

### A. Electronic Funds Transfer Act

18. "Electronic funds transfer" is defined as "any transfer of funds . . . which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes . . . automated teller machine transactions . . . ." 15 U.S.C. § 1693a(6); *see also* 12 C.F.R. § 205.3(b).

19. Defendants are an "automated teller machine operator" as that term is defined by 12 C.F.R. § 205.16(a), which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made."

20. 15 U.S.C. § 1693b(d)(3)(A) and (B), and the implementing regulation, 12 C.F.R. § 205.16(b) and (c), require an ATM operator who imposes a fee on a consumer for "host transfer services" (an electronic fund transfer or a balance inquiry) to provide notice to the consumer of the fee before the consumer is committed to the transaction. Specifically, 12 C.F.R. § 205.16(b) states:

> *General.* An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:
>
> (1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and
>
> (2) Disclose the amount of the fee.

21. 15 U.S.C. § 1693b(d)(3)(B), and its implementing regulation, 12 C.F.R. § 205.16(c), specifies the notice to be provided to consumers. 12 C.F.R. § 205.16(c) states:

> (c) *Notice requirement.* To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:
>
> (1) *On the machine.* Post in a prominent and conspicuous location on or at the automated teller machine a notice that:
>
> (i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or
>
> (ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this

- 4 -
CLASS ACTION COMPLAINT

> paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and
>
> (2) *Screen or paper notice.* Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

22. Pursuant to this regulation, the notice physically attached to the ATM must comply with 12 C.F.R. § 205.16(c), either by stating that a fee will be imposed, or if there are circumstances in which a fee will not be imposed, that a fee may be imposed.

23. 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), provide that no fee may be imposed by an ATM operating in connection with any electronic fund transfer initiated by a consumer for which a notice is required ***unless*** the consumer is provided the notices required pursuant to 12 C.F.R. § 205.16(c). Specifically, 15 U.S.C. § 1693b(d)(3)(C) states in relevant part:

> (C) **Prohibition on fees not properly disclosed and explicitly assumed by consumer.** No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless – (i) the consumer receives such notice in accordance with subparagraph (B); and (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

Similarly, 12 C.F.R. § 205.16(e) provides that:

> (e) *Imposition of fee.* An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if
>
> (1) The consumer is provided the notices required under paragraph (c) of this section, and
>
> (2) The consumer elects to continue the transaction or inquiry after receiving such notices.

24. In connection with 2006 amendments to the EFTA, the Board of Governors of the Federal Reserve published its Final Rule and official staff interpretation which, *inter alia*, explained the EFTA's disclosure requirements as follows:

///

> The final rule clarifies the ***two-part disclosure scheme established in Section 904(d)(3)(B) of the EFTA. The first disclosure, on ATM signage posted on or at the ATM, allows consumers to identify quickly ATMs that generally charge a fee for use. This disclosure is not intended to provide a complete disclosure of the fees associated with the particular type of transaction the consumer seeks to conduct.*** Until a consumer uses his or her card at an ATM, the ATM operator does not know whether a surcharge will be imposed for that particular consumer. Rather, it is the second, more specific disclosure, made either on the ATM screen or an ATM receipt, that informs the customer before he or she is committed to the transactions whether, in fact, a fee will be imposed for the transaction and the amount of the fee….

71 F.R. 1638, 1656 (emphasis added).

25. Thus, the statute and regulation require that a physical notice **_must_** be displayed informing consumers that the ATM imposes a surcharge, and that the ATM screen must definitively state that a fee will be imposed, before that fee is imposed.

26. The EFTA imposes strict liability upon ATM operators that fail to comply with its disclosure requirements. *See Burns v. First American Bank*, 2006 WL 3754820, *6 (N.D. Ill. Dec. 19, 2006). A plaintiff seeking statutory damages under the EFTA need not prove that he or she sustained any actual financial loss, or that he or she relied upon the lack of mandatory disclosure as an inducement to enter into a transaction. *Burns*, 2006 WL 3754820, *6 ("Section 1693b(d)(3) prohibits an ATM operator from charging a fee unless it provides notice of its fee on the machine and on the screen, period, no mention of a necessary scienter.")

27. The notice referenced in 15 U.S.C. § 1693f has no arguable applicability to Plaintiff's claims because, among other things, Plaintiff is not an account holder of Defendants.

**B. Defendants' Conduct**

28. Defendants are ATM operators regulated under the EFTA, 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. Part 205 (Regulation E), as that term is defined in 12 C.F.R. § 205.16(a).

29. Defendants are operators of the Stage Stop ATM located at or about 28464 Old Town Front Street, Temecula, California 92590.

30. Defendants are owners of the Stage Stop ATM located at or about 28464 Old Town Front Street, Temecula, California 92590.

31. The Stage Stop ATM permits consumers to perform electronic fund transfers, as defined in 12 C.F.R. § 205.3.

32. The Stage Stop ATM imposes a fee on consumers who withdraw cash from the Stage Stop ATM.

33. Defendants failed to post on or at the Stage Stop ATM a notice that a fee will be imposed for withdrawing cash or for a balance inquiry, resulting in Defendants' improper imposition of a fee to Plaintiff and other users of the Stage Stop ATM.

34. Defendants' failure to post the required notice on or at the Stage Stop ATM has resulted in frequent and persistent non-compliance with the EFTA. Said violations of the EFTA have adversely affected hundreds or thousands of consumers.

35. Despite knowing of the ATM fee notice provisions of the EFTA, Defendants have violated the EFTA by failing to post the required ATM fee notice at the Stage Stop ATM and improperly imposing ATM fees.

36. Defendants' non-compliance with the ATM fee notice requirements of the EFTA, and subsequent imposition of a fee on Plaintiff and the members of the proposed class, did not result from a bona fide error.

**C.     Plaintiff's Electronic Funds Transfers With Defendants**

37. Plaintiff is a consumer as defined in 12 C.F.R. § 205.2(e).

38. Within one year of the filing of this Complaint, Plaintiff used the Stage Stop ATM described in this Complaint in order to conduct an electronic funds transfer involving the withdrawal of cash.

39. The Stage Stop ATM did not have the fee notice required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16, as it did not have any sign affixed to it or in close proximity to it informing consumers that use of the Stage Stop ATM will or may result in an ATM surcharge.

40. Plaintiff was in fact assessed a $2.50 ATM surcharge fee for withdrawing cash from the Stage Stop ATM described in this Complaint.

**V.     CLASS ALLEGATIONS**

41. Plaintiff brings this class action on behalf of himself and all other similarly situated persons pursuant to Rule 23(a), (b)(1), (b)(3) of the Federal Rules of Civil Procedure. Plaintiff hereinafter sets forth facts and allegations more specifically in support of his class action allegations.

42. With regard to the EFTA claim, Plaintiff seeks to represent a class of similarly situated persons, consisting of (a) all consumers (b) who initiated an electronic funds transfer at the Stage Stop ATM described in ¶ 9, *supra*, and (c) were assessed a fee for withdrawing cash from the Stage Stop ATM described in ¶ 9, *supra*, (d) on or after the date one year prior to the filing of this action and continuing through the trial of this cause or until Defendants are compliant with the EFTA by posting the appropriate notice (the "EFTA Class").

43. With regard to the UCL claim, Plaintiff seeks to represent a class of similarly situated persons, consisting of (a) all consumers (b) who initiated an electronic funds transfer at the Stage Stop ATM described in ¶ 9, *supra*, and (c) were assessed a fee for withdrawing cash from the Stage Stop ATM described in ¶ 9, *supra*, (d) on or after the date four years prior to the filing of this action and continuing through the trial of this cause or until Defendants are compliant with the EFTA by posting the appropriate notice (the "UCL Class") (both the EFTA Class and the UCL Class are collectively referred to as the "Class").

44. Congress expressly intended that the EFTA would be enforced, in part, through private class actions. 15 U.S.C. § 1693m(a).

45. Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of the Class.

46. The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendants' records. Defendants have exclusive control of this information.

47. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this Class and deemed necessary and/or appropriate by this Court.

48. Defendants can generate data for its Stage Stop ATM identifying each transaction in which a fee was charged. The data will include the date of the transaction, the amount of the fee and the personal account number ("PAN") for the consumer. The PAN includes a bank identification number ("BIN"). This information can be used to identify members of the Class.

/ / /

49. The Class is sufficiently numerous to make bringing all parties before the Court impractical pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure.

50. Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct. Plaintiff and Class members seek recovery of statutory, not actual, damages.

51. Plaintiff and members of the EFTA Class were each users of the Stage Stop ATM since the date one year prior to the filing of this action.

52. Plaintiff and members of the UCL Class were each users of the Stage Stop ATM since the date four years prior to the filing of this action.

53. Plaintiff and each member of the Class were illegally charged an ATM fee as a result of Defendants' failure to comply with the ATM fee notice requirements of the EFTA, thereby resulting in common questions of law and fact pursuant to Rule 23(a)(2) of the Federal Rules of Civil Procedure.

54. Plaintiff and each member of the Class received an inadequate notice regarding the imposition of an ATM fee by the Stage Stop ATM.

55. The questions of law and fact common to the Class predominate over questions which may affect individual members, including:

(a) Whether Defendants were at all relevant times during the class period automated teller machine operators which imposed a fee on consumers for providing host transfer services to those consumers;

(b) Whether Defendants are the operators of the Stage Stop ATM;

(c) Whether Defendants complied, at all times during the class period, with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16; and

(d) Whether Plaintiff and members of the Class are entitled to statutory damages, costs and attorney's fees for Defendants' acts and conduct.

56. Plaintiff can and will adequately and vigorously represent and protect the interests of the members of the Class. Plaintiff has no interests antagonistic to the members of the Class.

Plaintiff has retained counsel able, competent and qualified to prosecute this class action litigation as set forth in Rule 23(a)(4) of the Federal Rules of Civil Procedure.

57. Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the Class.

58. In support of Plaintiff's allegations pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Plaintiff avers that a class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages that may be awarded to the members of the Class are likely to be substantial, the damages suffered by the individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Pursuant to Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI.   CLAIMS

**FIRST CLAIM FOR RELIEF**
**Against All Defendants for**
**Violation of 15 U.S.C. § 1693** *et seq.* **and 12 C.F.R. 205** *et seq.*

59. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

60. Plaintiff asserts this claim on behalf of himself and the Class against Defendants.

///

61. Defendants failed to provide notices to the Plaintiff and the Class as required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c), and imposed a fee in violation of 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. §§ 205.16(b) and (e).

62. 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), prohibit the imposition and receipt of a fee for conducting an electronic fund transfer unless a notice of the fee is posted in a prominent and conspicuous location on or at the ATM.

63. Defendants imposed and received a fee in violation of 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e).

64. As a result of Defendants' violations of the EFTA, Defendants are liable to Plaintiff and the Class for statutory damages pursuant to 15 U.S.C. § 1693m.

65. As a result of Defendants' violations of the EFTA, Plaintiff and the members of the Class are entitled to recover costs of suit and their reasonable attorney's fees.

**SECOND CLAIM FOR RELIEF**
**Against All Defendants for**
**Violation of California Bus. & Prof. Code § 17200**

66. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

67. The California Unfair Business Practices Act defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200. The UCL provides that a Court may order injunctive relief and restitution to affected members of the general public for violations. *Id.* § 17203.

68. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful, unfair, and/or fraudulent business acts and practices. If Defendants had complied with EFTA, Plaintiff would not have suffered injury in fact and would not have lost money.

69. This cause of action is brought on behalf of Plaintiff, members of the Class, and members of the general public pursuant to California Business & Professions Code §§ 17200, *et seq.* Under Business & Professions Code §§ 17200, *et seq.* Plaintiff is entitled to enjoin Defendants'

wrongful practices and to obtain restitution for the monies paid to Defendants by reason of Defendants' unlawful, unfair, and/or deceptive acts and practices.

70. Defendants' actions were knowingly committed and performed with such frequency as to constitute a general business practice.

71. As a direct and proximate result of Defendants' wrongful acts and practices alleged above, members of the Class and the general public have been wrongfully charged by Defendants. This Court is empowered to, and should, order restitution to all persons from whom Defendants unfairly and/or unlawfully took money.

72. Defendants' unlawful, unfair, and/or fraudulent business acts and practices, as described above, present a continuing threat to members of the Class and of the general public, in that Defendants are continuing, and will continue, unless enjoined, to commit violations of California Business & Professions Code § 17200. This Court is empowered to, and should, grant preliminary and permanent injunctive relief against such acts and practices.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Class, prays for:

A. An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing undersigned counsel as Class Counsel;

B. An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1693m;

C. A declaration that Defendants' conduct constitutes a violation of California's Business & Professions Code § 17200;

D. An injunction enjoining, preliminarily and permanently, Defendants from continuing the wrongful conduct alleged herein;

E. Payment of costs of suit herein incurred pursuant to 15 U.S.C. § 1693m(a)(3);

F. Payment of reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3); and

G. For other and further relief as the Court may deem proper.

/ / /

/ / /

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

DATED:  October 30, 2012                              *s/ Mark A. Golovach*

                                                                           MARK A. GOLOVACH

COASTAL PACIFIC LEGAL GROUP
501 W. Broadway, Suite 800
San Diego, California  92101
Telephone:  619/400-4895
Facsimile:  619/684-3601

*Attorneys for Plaintiff*
STEVE KLEMETSON